UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC NIBORG and TAMMI NIBORG,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>Defendants. | CASE NO. C17-5155 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND, GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND GRANTING PLAINTIFFS LEAVE TO AMEND |

This matter comes before the Court on Defendants Fannie Mae and CitiMortgage ("Citi"), Inc.'s (collectively "Defendants") motions to dismiss (Dkts. 8, 9) and Plaintiff Eric and Tammi Niborg's ("Niborgs") motion to remand (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motions and denies the Niborgs' motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 10, 2017, the Niborgs filed a complaint against Defendants in Clark County Superior Court for the State of Washington. Dkt. 1-2 ("Comp."). The Niborgs

assert claims for quiet title, wrongful foreclosure, conversion, fraud, misrepresentation, and civil conspiracy. *Id*.

On March 1, 2017, Defendants removed the matter to this Court. Dkt. 1.

On March 9, 2017, Defendants filed motions to dismiss. Dkts. 8, 9. On April 11, 2017, the Niborgs responded and filed a motion to remand. Dkts. 16, 17. On May 1, 2017, Defendants responded to the motion to remand. Dkts. 18, 19. On May 4, 2017, the Niborgs replied. Dkt. 21.

## II. FACTUAL BACKGROUND

The Niborgs allege that they own the real property located at 1518 NE 91st Avenue, Vancouver, WA 98664 ("Property"). In April 2006, the Niborgs obtained a loan secured by the Property. In 2012, two assignments of the Deed of Trust were recorded, giving notice that Citi was the new beneficiary. On May 13, 2013, Citi appointed Clear Recon Corp. ("CRC") as successor trustee.

On October 23, 2013, CRC recorded a notice of trustee's sale noting a non-judicial foreclosure of the Property to occur on February 28, 2014. The notice claimed that the Niborgs had missed 21 months of payments resulting in a past due balance of $37,486.70. Dkt. 10, Exh. F. CRC formally discontinued the foreclosure sale on August 7, 2014. The Niborgs do not allege any foreclosure activity subsequent to this date.

On October 13, 2014, Citi recorded notice that Fannie Mae was the new beneficiary of the Deed of Trust. The servicing of the loan transferred to non-party Seterus, Inc. In Spring 2015, the Niborgs entered into a loan modification with Seterus.

## III. DISCUSSION

**A.    Remand**

The Niborgs move for remand because (1) the Court lacks subject matter jurisdiction, (2) they did not receive timely notice of the removal, and (3) all defendants did not consent to the removal. Dkt. 17. All of these arguments are without merit. First, the Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332. The Niborgs, however, argue that Defendants consented to state court jurisdiction when they initiated the foreclosure action in the state. There is no authority for such a proposition. Thus, the Court denies the Niborgs' motion on this issue.

Second, Fannie Mae removed the matter after receiving Citi's consent. Dkt. 1 at 3. Thus, the Court denies the Niborgs' motion on this issue.

Finally, the Niborgs have failed to show that they didn't receive timely notice of the removal. Even if the Niborgs did not receive the notice of removal in the normal course of mail delivery, they have failed to cite any authority for the proposition of a deadline for delivery of the notice of removal to the plaintiff. Therefore, the Court denies the Niborgs' motion to remand.

**B.    Dismiss**

   **1.    Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**2. Claims**

Defendants move to dismiss all of the Niborgs' claims for failure to state a claim. First, the Niborgs assert a claim against Citi to quiet title. An action to quiet title is an equitable proceeding "designed to resolve competing claims of ownership." *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294, 322 (2013), *as modified* (Aug. 26, 2013). The Niborgs have failed to allege that Citi has asserted a competing claim of ownership. The claim also fails because the Niborgs have failed to allege that they have paid off their outstanding debt and are the rightful owners of the property. *Young v. Quality Loan Serv. Corp.*, C14-1713RSL, 2015 WL 12559901, at *1 (W.D. Wash. July 7, 2015). Therefore, the Court grants Defendants motions on the Niborgs' quiet title claim.

Second, the Niborgs' wrongful foreclosure claim fails because there was no foreclosure sale. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn. 2d 412, 429 (2014) ("We hold there is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale.").

Therefore, the Court grants Defendants' motions on the Niborgs' wrongful foreclosure claim.

Third, the Niborgs' conversion claim fails because real property does not meet the definition of chattel under Washington law. *Wa. State Bank v. Medalia Healthcare*, 96 Wn. App. 547 (1999). Therefore, the Court grants Defendants' motions on the Niborgs' conversion claim.

Fourth, the Niborgs' claims for fraud and misrepresentation are based on statements allegedly made in 2012 and 2013. Comp., ¶¶ 81–103. Defendants move to dismiss because the claims are barred by the statute of limitations, which is three years in Washington. RCW 4.16.080. The Court agrees because the Niborgs filed the complaint in 2017 and fail to contest the argument that the claims are barred. Therefore, the Court grants Defendants' motions to dismiss the Niborgs' fraud and misrepresentation claims.

Finally, the Niborgs base their civil conspiracy claim on the wrongful acts alleged in the other five claims. The Niborgs, however, have failed to allege any wrongful act. Therefore, the Court grants Defendants' motions to dismiss the Niborgs' civil conspiracy claim.

**3.     Remedy**

Defendants request that the Court dismiss the Niborgs' claims with prejudice, and the Niborgs' request leave to amend to correct any deficiencies. While it is highly unlikely that the Niborgs will be able to correct the identified deficiencies with additional factual allegations, dismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d

458, 460 (9th Cir. 1980). The Court finds that, at this time, it is not absolutely clear that complaint may not be saved by any amendment. Therefore, the Court grants the Niborgs leave to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motions to dismiss (Dkts. 8, 9) are **GRANTED**, the Niborgs' motion to remand (Dkt. 17) is **DENIED**, and the Niborgs are **GRANTED** leave to amend. The Niborgs must file an amended complaint no later than June 2, 2017. Failure to file an amended complaint or otherwise respond will result in **DISMISSAL** without further order of the Court.

Dated this 16th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge