UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC NIBORG and TAMMI NIBORG,<br><br>               Plaintiffs,<br><br>    v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>              Defendants. | CASE NO. C17-5155 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court on Defendants Fannie Mae and CitiMortgage, Inc.'s (collectively "Defendants") motions to dismiss. Dkts. 24, 25. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motions for the reasons stated herein.

**I.   PROCEDURAL HISTORY**

On February 10, 2017, Plaintiffs Eric and Tammi Niborg's (the "Niborgs") filed a complaint against Defendants in Clark County Superior Court for the State of Washington. Dkt. 1-2. The Niborgs asserted claims for quiet title, wrongful foreclosure, conversion, fraud, misrepresentation, and civil conspiracy. *Id*.

ORDER - 1

On March 1, 2017, Defendants removed the matter to this Court. Dkt. 1. On March 9, 2017, Defendants moved to dismiss. Dkts. 8, 9. On May 1, 2017, the Court granted dismissal. Dkt. 22. While the Court dismissed Plaintiff's claims, it also granted the Niborgs leave to file an amended complaint. *Id.*

On June 5, 2017, Plaintiffs filed an amended complaint. Dkt. 23. The amended complaint abandoned Plaintiffs' previous claims, instead asserting claims for slander of title, violations of the Fair Debt Collection Practices Act ("FDCPA"), and civil conspiracy. *Id.*

On June 8, 2017, Fannie Mae again moved to dismiss the amended complaint. Dkt. 24. On June 19, 2017, CitiMortgage also moved to dismiss. Dkt. 25. On June 21 and 23, 2017, Plaintiffs responded to the motions to dismiss. Dkt. 27, 28. On June 30, 2017, Fannie Mae replied. Dkt. 29. On July 14, 2017, CitiMortgage replied. Dkt. 30.

## II.   FACTUAL BACKGROUND

The Niborgs allege that they own the real property located at 1518 NE 91st Avenue, Vancouver, WA 98664 ("Property"). In April 2006, the Niborgs obtained a loan secured by the Property. In 2012, two assignments of the Deed of Trust were recorded, giving notice that CitiMortgage was the new beneficiary. On May 13, 2013, CitiMortgage appointed Clear Recon Corp. ("CRC") as successor trustee.

On October 23, 2013, CRC recorded a notice of trustee's sale noting a non-judicial foreclosure of the Property to occur on February 28, 2014. The notice claimed that the Niborgs had missed 21 months of payments resulting in a past due balance of $37,486.70.

Dkt. 10 at 38–43. CRC formally discontinued the foreclosure sale on August 7, 2014. The Niborgs do not allege any foreclosure activity subsequent to this date.

On October 13, 2014, CitiMortgage recorded notice that Fannie Mae was the new beneficiary of the Deed of Trust. The servicing of the loan transferred to non-party Seterus, Inc. In Spring 2015, the Niborgs entered into a loan modification with Seterus. The modification capitalized the Niborgs' past due balance as principal, thus reducing the past due balance to zero. The modification also reduced the Niborg's interest rate to 2% for five years, which would be increased to a fixed rate of 3% for the sixth year and 3.75% subsequently.

### III.   DISCUSSION

**A.   12(b)(6) Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The scope of review on a 12(b)(6) motion to dismiss is generally limited to the contents of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court may consider documents that are not attached to the complaint "if the documents' authenticity...is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (internal quotation marks omitted). Such is the case with the documents Defendants have filed in connection with their requests for judicial notice. Dkts. 10, 26.

**B.    Claims**

In their amended complaint, Plaintiffs bring claims for (1) slander of title, (2) violations of the FDCPA, and (3) civil conspiracy. Defendants move to dismiss all of these claims.

**1.    Slander of Title**

In Washington, a slander of title claim has five elements: "(1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *Rorvig v. Douglas*, 123 Wn.2d 854, 859 (1994). "Slander of title is only available where the defendant has interfered with the plaintiff's sale of the property." *Lapinski v. Bank of Am., N.A.*, C13–00925, 2014 WL 347274, at *5 (W.D. Wash. Jan. 30, 2014).

In this case, Defendants argue that the Niborgs have failed to allege any facts showing that they published a false statement or that they interfered with a sale of the Property. The Court agrees. To the extent the Niborgs argue that Defendants interfered with the loan modification by recording assignments of the Deed of Trust, the Court rejects this argument. First, the Niborgs have failed to show that such a loan modification

constitutes a pending sale for the purposes of their claim. Second, the loan modification necessarily contemplated (and was actually premised upon) the preexisting debt owed to CitiMortgage, meaning that the assignments could not go to defeat the Niborgs' interest in the subject property to the extent that it formed the basis of the loan modification transaction. Third, the loan modification was actually granted, and Plaintiffs have failed to allege how any alleged interference with that transaction resulted in pecuniary loss. The fact that the balance due was capitalized as principal cannot constitute a loss, as Plaintiffs have failed to allege facts showing that the amount owed was not actually owing.

Therefore, the Court grants Defendants' motions on the Niborgs' slander of title claim.

### 2.     FDCPA Claim

"Because [the FDCPA] appl[ies] only to 'debt collector[s]' as defined by the FDCPA, the complaint must plead factual content that allows the court to draw the reasonable inference that [the defendant] is a debt collector." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). Under the FDCPA, a "debt collector" is one "who uses any instrumentality of interstate commerce or the mails in any business [1] the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An entity that seeks to collect a debt for its own account is not a "debt collector" under the FDCPA, even if it obtained the debt from the loan originator after it went into default. *Henson v. Santander Consumer USA Inc.*, 137 S.

Ct. 1718, 1722–23 (2017). Accordingly, a holder on a note and deed of trust does not constitute a "debt collector" under the FDCPA. *Bank of New York Mellon Trust Co. N.A. v. Henderson*, 15-5186, 2017 WL 2883744, at *2 (D.C. Cir. July 7, 2017).

Because Defendants were the current note holders at the time of their alleged wrongful conduct, they are not "debt collectors" under the FDCPA. Therefore, the Court must dismiss this claim.

### 3. Civil Conspiracy

The Niborgs base their civil conspiracy claim on the wrongful acts alleged in the other two claims. Because the Niborgs have failed to allege any wrongful act in those claims, the Court grants Defendants' motions to dismiss the Niborgs' civil conspiracy claim.

## C. Leave to Amend

The Niborgs have already been granted leave to file an amended complaint in this action. Rather than attempt to cure any of the original complaint's deficiencies, the Niborgs have instead abandoned their original claims and raised new claims as set forth in the amended complaint. However, as explained above, it is clear that Plaintiff's new claims fail as a matter of law because the Defendants' alleged conduct did not interfere with any sale of the subject property and Defendants are not "debt collectors" under the FDCPA. Dismissal without leave to amend is proper if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). Here, it is clear that the deficiencies in Plaintiff's complaint cannot be cured by amendment. Moreover, the Court has already

granted the Niborgs an opportunity to cure their deficient complaint. Therefore, dismissal shall be without leave to amend.

### IV.   ORDER

Therefore, it is hereby **ORDERED** that Defendants' motions to dismiss (Dkts. 24, 25) are **GRANTED** and the Niborgs' claims are **DISMISSED**. The Clerk shall enter judgment for Defendants and close this case.

Dated this 17th day of July, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge